IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  TORRADO CONSTRUCTION COMPANY, INC. | CHAPTER 11<br>BANKRUPTCY NO. 18-14736 (JKF) |
| TORRADO CONSTRUCTION COMPANY, INC.<br>　　　　Plaintiff<br><br>　　v.<br><br>HUNTER ROBERTS CONSTRUCTION GROUP, LLC<br>　　　　Defendant | Adv. No.  18-_____ |

## COMPLAINT

Plaintiff, Torrado Construction Co., Inc. ("Torrado"), hereby states the following as its complaint and adversary claim against Defendant Hunter Roberts Construction Group, LLC:

### Jurisdiction

1.　On July 18, 2018, Torrado filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania at Case No. 18-14736.

2.　Torrado is a debtor-in-possession maintaining its principal place of business at 3311-13 East Thompson Street, Philadelphia, PA  19134-5308.

3.　11 U.S.C.A. § 1107. Rights, powers, and duties of debtor in possession provides:  "(a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall

have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter".

4. Defendant Hunter Roberts Construction Group, LLC is a Delaware business corporation maintaining a principal place of business at 1717 Arch Street, Suite 3410, Philadelphia, PA  19103.

5. Under the Bankruptcy Code, a trustee has a duty to maximize the estate for the benefit of creditors.  11 USC §704; Federal Rule of Bankruptcy Procedure 3009.  11 USC § 704(a) provides that "The trustee shall-- (1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest".  The trustee is to collect the money due the estate "as expeditiously as is compatible with the best interests of parties in interest."

6. Under the Code, the debtor-in-possession is held "accountable for all property [of the estate] received." 11 U.S.C. § 1106(a)(1) (incorporating § 704(2)).

7. Property of the estate for which the debtor is held accountable includes, *inter alia,* "all legal or equitable interests of the debtor ... as of the commencement of the case," *id.* § 541(a)(1), such as valuable causes of action, *see United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205 & n.9 (1983).

8. Rule 9019 is also consistent with the debtor-in-possession's role as legal representative of the bankruptcy estate, set forth in 11 U.S.C. § 323(a) As legal

representative, the debtor-in-possession has the power to sue and be sued on the estate's behalf, *id.* § 323(b).

9. In a Chapter 11 bankruptcy, the debtor-in-possession alone bears the burden of maximizing the value of the estate. *Smart World Text LLC v. Juno Online Services*, 423 F.3d 166, 175 (2d Cir. 2005).

10. The debtor-in-possession owes a fiduciary duty to the estate. As fiduciary, the debtor bears the burden of "maximiz[ing] the value of the estate," *Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 352, (1985), including the value of any legal claims.

11. With certain exceptions not relevant here, a debtor-in-possession performs the same functions as a trustee in a reorganization. *See* 11 U.S.C. § 1107(a); *Whiting Pools,* 462 U.S. at 200 n. 3, 103 S.Ct. at 2311 n. 3; *In re Hughes,* 704 F.2d 820, 822 (5th Cir.1983). The debtor-in-possession, therefore, "both enjoys the rights and must fulfill the duties of a trustee." *In re Hughes,* 704 F.2d at 822; *see also Georgia Pacific Corp. v. Sigma Service Corp.,* 712 F.2d 962, 966 (5th Cir.1983). As one of its duties, a trustee is not only entitled to but *must* collect the property of the estate. 11 U.S.C. § 704(1).

12. Moreover, as the Supreme Court has held, "the trustee is 'accountable for all property received,' [11 U.S.C.] §§ 704(2), 1106(a)(1), *and has the duty to maximize the value of the estate,* see [11 U.S.C.] § 704(1)." *Commodity Futures Trading Comm'n. v. Weintraub,* 471 U.S. 343, 352, 105 S.Ct. 1986, 1992, 85 L.Ed.2d 372 (1985) (emphasis added). Since Torrado's cause of action was property of the estate, the debtor-in-possession was duty bound to assert it if doing so would maximize the value of the estate.

**Venue**

13.	Venue in this judicial district is appropriate as all defendants are residents of the State in which the district is located and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  28 USC § 1391.

**Facts**

14.	Torrado entered into a subcontract dated December 7, 2015 for painting services with Defendant for a project known as the 1213 Walnut Street Apartments Project (the "1213 Walnut Project").  A copy of the Subcontract between Torrado and Defendant for the 1213 Walnut Project (hereinafter the "1213 Subcontract") is attached hereto as Exhibit A, and incorporated herein as if set forth at length.

15.	Torrado entered into another subcontract dated April 19, 2016 for painting services with Defendant for a project known as the Pennovation PCI Offices Project (the "Pennovation Project").  A copy of the Subcontract between Torrado and Defendant for the Pennovation Project (hereinafter the "Pennovation Subcontract") is attached hereto as Exhibit B, and incorporated herein as if set forth at length.

16.	In reliance upon the 1213 Subcontract, Torrado continuously supplied labor, material and equipment to the 1213 Walnut Project through September 27, 2017, on which date Torrado was forced to halt its work due to its project manager and lead estimator's sudden departure from the company.

17.	Daniel Dirscherl, Defendant's Executive Vice-President/General Manager accepted Torrado's halt of operations at the 1213 Walnut Project, and expressed a desire to Torrado's President that doing so would allow Torrado to get back onto its feet.

18.     As of September 27, 2017, Torrado's scope of work on the 1213 Walnut Project was 85% complete.

19.     Torrado's final application for payment for the 1213 Walnut project, along with an additional work orders which were signed by Defendant but was not included in the final application for payment, are attached hereto as Exhibit C and incorporated as if set forth herein at length.

20.     Pursuant to § 13.2 of the 1213 Subcontract, following Torrado's termination, and after Defendant has received full and final payment from the 1213 Walnut Project's owner and paid all expenses relating to completion of Torrado's work, Defendant shall pay Torrado all remaining sums due for Torrado's work completed prior to termination.

21.     Upon information and belief, Defendant's work at the 1213 Walnut Project is complete and Defendant has been paid in full by the owner for its work.

22.     To date, including all change orders and additional work directed by Defendant, Torrado's records demonstrate an open balance due and owing from Defendant for completed work at the 1213 Walnut Project totaling $209,877.98.

23.     Despite repeated demand, Defendant has failed and refused to provide an accounting of any costs and expenses incurred related to Torrado's termination and completion of the 1213 Walnut Project using others subcontractors.

24.     Defendant has provided no justification for withholding payment of the entire $209,877.98 due pursuant to Torrrado's accounting records for the 1213 Walnut Project, or of any lesser amount.

25. In addition to balances due and owing from the 1213 Walnut Project, Torrado is also owed a balance of $1405.00 for work completed and accepted at the Pennovation Project.

26. Despite repeated demand, Defendant has denied payment to Torrado for its work at these Projects, leaving a principal balance due and owing, exclusive of attorneys' fees, costs, and statutory interest and penalties.

## COUNT I

## ACCOUNTING

### Torrado Construction Co., Inc. v. Hunter Roberts Construction Group, LLC

27. Torrado incorporates its allegations from the paragraphs above as if set forth at length herein.

28. Since its meeting with Defendant's Executive Vice-President/General Manager, and up until today, Torrado has repeatedly requested a complete accounting from Defendant concerning expenses paid relating to completion of Torrado's work at the 1213 Walnut Project, in comparison to the open balances due and owing to Torrado for completed work.

29. Torrado, therefore, respectfully requests that Defendant be immediately directed to provide Torrado with a complete accounting concerning the 1213 Walnut Project, and costs Defendant allegedly incurred to complete Torrado's contract scope of work.

**WHEREFORE,** Plaintiff demands a complete accounting from Hunter Roberts Construction Group, LLC concerning the 1213 Walnut Project, and costs Defendant allegedly incurred to complete Torrado's contract scope of work.

## COUNT II

### BREACH OF CONTRACT

### Torrado Construction Co., Inc. v. Hunter Roberts Construction Group, LLC

30. Torrado incorporates its allegations from the paragraphs above as if set forth at length herein.

31. Despite demand, Defendant has failed and/or refused to pay Torrado the open and unpaid balances due and owing, which failure constitutes a breach of contract.

32. All conditions prerequisite to Torrado's entitlement to payment have been satisfied.

33. Defendant is liable to Torrado in the sum of $211,282.98, plus applicable pre- and post-judgment interest, attorneys' fees and costs.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendant Hunter Roberts Construction Group, LLC in the sum of $211,282.98 plus statutory attorneys' fees, pre- and post-judgment interest and penalties, costs and such other relief as the Court deems appropriate.

## COUNT III

### PENNSYLVANIA PAYMENT ACT

### Torrado Construction Co., Inc. v. Hunter Roberts Construction Group, LLC

34. Torrado incorporates its allegations from the paragraphs above as if set forth at length herein.

35. Pursuant to the Pennsylvania Contractor and Subcontractor Payment Act, 73 P.S. § 501, *et seq.*, a subcontractor is entitled to recover in addition to all sums due and owing, interest, penalties, and reasonable attorneys' fees incurred in collecting on a valid, contractual obligation.

36. Torrado requests leave of court to submit said items of damage at or following trial in order to properly calculate the additional damages due and owing as a result of Defendant's breach of contract.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendant Hunter Roberts Construction Group, LLC in the sum of $211,282.98 plus statutory attorneys' fees, pre- and post-judgment interest and penalties, costs and such other relief as the Court deems appropriate.

## COUNT IV

### DETRIMENTAL RELIANCE/PROMISSORY ESTOPPEL

**Torrado Construction Co., Inc. v. Hunter Roberts Construction Group, LLC**

37. Torrado incorporates its allegations from the paragraphs above as if set forth at length herein.

38. To the extent any portion of Torrado's claim against Defendant is excluded from Count II, this Count IV is pled in the alternative.

39. Torrado relied to its detriment on the ongoing directives and consent of Defendant to Torrado's provision of labor and materials, so that Defendant is estopped

from denying the existence of the above-described payment obligations, including to the extent Defendant asserts that some portion of those obligations fell outside of or were otherwise waived under the Subcontract.

40. Defendant, among other things, conducted itself as if the above-described Subcontracts were in full force and effect between it and Torrado, as if all additional work directed by Defendant was authorized by Defendant and necessary and binding upon Torrado, and in fact, Defendant accepted and utilized Torrado's labor and materials in its construction on the Projects.

41. Based on Defendant's ongoing representations, Torrado reasonably relied upon Defendant's continuing adherence to the Subcontracts between the parties and upon Defendant's directives to perform – and approval and acceptance of – all additional work.

42. Torrado did not breach any duties to Defendant which would bar Torrado from asserting its right to recovery of all balances due in this matter.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendant Hunter Roberts Construction Group, LLC in the sum of $211,282.98 plus statutory attorneys' fees, pre- and post-judgment interest and penalties, costs and such other relief as the Court deems appropriate.

**EASTBURN AND GRAY, PC**

**DATE:** 11/21/18

By: /sDavid L. Marshall
**DAVID L. MARSHALL**
**ROBERT R. WATSON, JR.**
Special Counsel for Torrado
Construction Co., Inc.

                                        David L. Marshall, Esquire
                                        Attorney I. D. No. 19356
                                        Eastburn and Gray, P.C.
                                        60 East Court Street
                                        Doylestown, Pa. 18901
                                        (215)345-7000 - Telephone
                                        (215)345-9142 – Facsimile
                                        dmarshall@eastburngray.com

Date:  November 21, 2018